UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL CHAVEZ,<br><br>    Plaintiff,<br><br>v.<br><br>D. MILLIGAN, et al.,<br><br>    Defendants. | Case No. 19-cv-00362-JSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DISMISSING COMPLAINT WITH LEAVE TO AMEND; GRANTING MOTION TO STRIKE AND DENYING MOTION FOR EXTENSION OF TIME**<br><br>Re: Dkt. Nos. 15, 25, 28 |

## INTRODUCTION

Plaintiff, a California prisoner, filed this pro se civil rights complaint under 42 U.S.C. § 1983. He alleges that Defendants, three correctional officers at Pelican Bay State Prison ("PBSP"), repeatedly punched him in the face and head and banged his head on the ground while escorting him from his cell to the yard, causing him severe injuries. He further alleges that he was in handcuffs and complying with orders.

The Court reviewed the complaint pursuant to 28 U.S.C. § 1915A(a) and found that it, when liberally construed, states a claim upon which relief could be granted for the violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Defendants have filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed an opposition, and Defendants filed a reply brief. Plaintiff also filed a motion for an extension of time to file a sur-reply and a sur-reply, which Defendants have moved to strike.[1]

---

[1] All parties consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636. (ECF Nos. 4, 10-12.)

**DISCUSSION**

Defendants move to dismiss on the grounds the Plaintiff did not exhaust his available administrative remedies before filing suit, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Failure to exhaust under the PLRA is "an affirmative defense the defendant must plead and prove." *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007). Prisoners are not required to plead or demonstrate exhaustion in their complaints. *Id.* at 215-17. As a result, defendants must produce evidence proving failure to exhaust, and can move for summary judgment based upon such evidence. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Id.*

In the complaint, Plaintiff alleges that he exhausted his available administrative remedies by filing administrative grievances through the highest level of administrative review, and he attached the relevant grievances as exhibits. (ECF No. 1 at 2, 10, Exh. D.) Defendants argue that it is clear from the attachments that Plaintiff did not exhaust his administrative remedies because his grievance was "canceled" for being untimely at the third (and final) level of administrative review. *See generally Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (the PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal"). Prison regulations required Plaintiff to file his grievance within thirty days from the date of the alleged assault, i.e. by November 23, 2017, *see* 15 Cal. Code Regs. §§ 3084.8(a), (b)(1)-(3), but he did not file it until January 28, 2018. (ECF No. 1 at 34).

Plaintiff asserted in the grievance, however, that that he delayed in filing it because he feared retaliation if he filed a grievance against Defendants for beating him. (*See* ECF No. 1 at 36.) He ultimately filed the grievance after he was transferred to California State Prison – Sacramento. (*Id.* at 34.) Plaintiff also alleges in the complaint that Defendants beat him in retaliation for what they believed (incorrectly, according to Plaintiff[2]) to be his participation in an

---

[2] Plaintiff alleges that the disciplinary charges against him arising from that incident were dropped. (ECF No. 1 at 8.)

attack on their fellow guards and attempted murder of a sergeant. (*Id.* at 8.) Plaintiff further alleges that after the beating, he continued to fear for his safety, and that the beating was part of "continuous harassment" by officials, although he does not describe any other conduct besides the beating that constituted harassment. (*Id.* at 8.)[3]

The threat of retaliation for reporting an incident can render the prison grievance process effectively unavailable and thereby excuse a prisoner's failure to exhaust administrative remedies under the PLRA. *See McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015). The test for whether exhaustion may be excused on this basis is as follows:

> To show that a threat rendered the prison grievance system unavailable, a prisoner must provide a basis for the court to find that he actually believed prison officials would retaliate against him if he filed a grievance. If the prisoner makes this showing, he must then demonstrate that his belief was objectively reasonable. That is, there must be some basis in the record for the district court to conclude that a reasonable prisoner of ordinary firmness would have believed that the prison official's action communicated a threat not to use the prison's grievance procedure and that the threatened retaliation was of sufficient severity to deter a reasonable prisoner from filing a grievance.

*Id.* at 987. Based upon Plaintiff's allegations, he knew that Defendants and other PBSP officials believed that he had attempted to murder their colleague, knew that they were willing to resort to a violent attack upon him to retaliate, and he was suffering the after-effects of the beating, including fearing further reprisal. And when Plaintiff did file the grievance, he was at another prison, away from the officials who had beaten him. These allegations plausibly support an inference that Plaintiff actually believed that prison officials would retaliate against him if he filed a grievance, particularly one that contained serious allegations against them.

Plaintiff's allegations, however, do not meet the objective prong of the *McBride* test. In *McBride*, the plaintiff alleged that defendants had beaten him and told him he was "lucky" not to have been beaten more severely; plaintiff then asserted that his subsequent grievance about the beating was untimely because he feared retaliation if he filed it. *McBride*, 807 F.3d at 985. The

---

[3] Plaintiff alleges that CSP - Sac officials intercepted mail he sent to attorneys to try to obtain representation, but this cannot have been part of the reason Plaintiff delayed filing the grievance because the alleged mail interference occurred in March and April 2018, after Plaintiff had filed the untimely grievance. (ECF No. 1 at 45-46.)

3

court held that this did not satisfy the objective prong of the test:

> Even if McBride actually viewed the statements as threatening, the issue before us is whether the guards' statements could reasonably be viewed as threats of retaliation if McBride filed a grievance. As the district court recognized, the statements themselves make no reference to a grievance or to anything else, beyond the preexisting hostility, that might trigger a future attack on the part of the guards.

*Id.* at 988. Here, there is likewise no allegation of any reference by Defendants or other prison official to the filing of a grievance, and indeed here, the allegations of retaliation are arguably thinner than *McBride* because Plaintiff does not allege any statements by Defendants that could be viewed as a threat. There is no allegation of anything beyond the attack itself and preexisting hostilities between Plaintiff and prison officials. Under *McBride*, that is not sufficient to show that a reasonable prisoner of ordinary firmness would have believed that prison officials communicated a threat that if he filed a grievance, he would suffer retaliation, and that such retaliation would be sufficiently severe to deter a reasonable prisoner from filing the grievance. Even if the allegations in the complaint and attachment are true, therefore, they do not excuse his failure to timely exhaust his available administrative remedies.

Plaintiff makes additional allegations of retaliation in his opposition, including that defendant Milligan threatened to kill him if he filed a timely grievance, that he nevertheless filed a timely grievance though the mail system, and that this grievance was never responded to because PBSP officials intercepted it before it arrived at the appeals office. (ECF No. 23 at 6, 9-10.) Defendants object to and dispute these allegations. However, in a Rule 12(b)(6) motion, review is limited to the contents of the complaint and its attachments. *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Accordingly, Plaintiff's new allegations of retaliation in his opposition are not considered here.

Plaintiff makes the alternative argument that his grievance was timely because a prison regulation provides for no time limit on filing his claims. The regulation he alludes to, however, only applies to claims of sexual assault or rape. *See* 15 Cal. Code Regs. § 3084.9(a)(5)(A). Plaintiff's claim of excessive force is subject to the ordinary 30-day time limit in 15 Cal. Code Regs. §§ 3084.8(a) and (b)(1)-(3).

4

Because the allegations in the complaint and attachments make it clear that plaintiff did not properly exhaust his available administrative remedies, as required by the PLRA, the motion to dismiss under Rule 12(b)(6) must be granted. Plaintiff will be granted leave to amend his complaint to allege, if he can do so in good faith, grounds for excusing his failure to properly exhaust. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (A pro se complaint must be liberally construed and "may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). Plaintiff is cautioned that on a 12(b)(6) motion to dismiss the Court may only consider allegations contained in the complaint itself—a complaint cannot withstand dismissal based on statements made in an opposition brief.

Plaintiff has requested to dismiss his claim against Defendant Tubbs for lack of exhaustion because his grievance did not mention Tubbs or make any allegations against him. (ECF No. 23 at 16.) As the parties agree to dismiss this claim, it will be dismissed without prejudice to refiling if Plaintiff exhausts such a claim at a future date.

**CONCLUSION**

For the foregoing reasons,

1. Defendants' motion to dismiss is GRANTED, and the case is DISMISSED WITH LEAVE TO AMEND. The claim against Tubbs is DISMISSED without prejudice to refiling after Plaintiff has exhausted his available administrative remedies on such a claim.

2. Plaintiff shall file an amended complaint within **twenty-eight (28) days from the date this order is filed**. The amended complaint **must** include the caption and civil case number used in this order (No. C 19-0326 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this case in its entirety.</u>

//

3.      Plaintiff filed a sur-reply (ECF No. 27) without leave of court, which is prohibited by Local Rule 7-3(d).  The Court notes that nothing in the sur-reply would alter the Court's analysis or conclusion in any event.  Accordingly, Plaintiff is not granted leave to file it, and Defendants' motion to strike is GRANTED.  Plaintiff's motion for an extension of time to file it is DENIED.

This Order disposes of Docket Nos. 15, 25, and 28.

**IT IS SO ORDERED.**

Dated: December 18, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

JOEL CHAVEZ,

    Plaintiff,

v.

D. MILLIGAN, et al.,

    Defendants.

Case No. 19-cv-00362-JSC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 18, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joel Chavez ID: AM1886
Calipatria State Prison
P.O. Box 5007
Calipatria, CA 92233

Dated: December 18, 2019

Susan Y. Soong
Clerk, United States District Court

By: _____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY

8