UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL CHAVEZ,<br><br>    Plaintiff,<br><br>v.<br><br>D. MILLIGAN, et al.,<br><br>    Defendants. | Case No. 19-cv-00362-JSC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 35 |

## INTRODUCTION

Plaintiff, a California prisoner, filed this pro se civil rights action under 42 U.S.C. § 1983.[1] He claimed that Defendants D. Milligan, C. Mart, and B. Tubbs, three correctional officers at Pelican Bay State Prison ("PBSP"), used excessive force against him. The Court reviewed the Complaint pursuant to 28 U.S.C. § 1915A and found that it, when liberally construed, stated a claim upon which relief could be granted for the violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. The Court granted Defendants' motion to dismiss on exhaustion grounds under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and dismissed the Complaint with leave to amend the claims against Milligan and Mart. The claims against Tubbs were dismissed without leave to amend because Plaintiff requested that they be dismissed.

Plaintiff filed a timely First Amended Complaint ("FAC") asserting excessive force claims against Milligan and Mart ("Defendants"). Defendants have moved to dismiss Plaintiff's claims as amended on exhaustion grounds under Rule 12(b)(6). Plaintiff has filed an opposition, and Defendants filed a reply brief. For the reasons discussed below, the motion to dismiss is GRANTED.

---

[1] All parties consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636. (ECF Nos. 4, 10-12.)

## BACKGROUND

According to the allegations in the FAC and its attachments, on October 24, 2017, Defendants Milligan and Mart beat him while escorting him to his cell, causing severe injuries to his head, back, and knees. (ECF No. 33 at 6-8.) He alleges that he did not provoke the attack, was in handcuffs, and complied with Defendants' orders. (*Id.* at 7-8.) He also alleges that Defendants attacked him because they believed he had been involved in an attack on other prison officials in May 2017.[2] (*Id.* at 9-10, 14.) On November 26, 2017, Plaintiff was transferred to California State Prison, Sacramento. (*Id.* at 10.) On January 28, 2018, Plaintiff filed an administrative grievance complaining about Defendants' use of force. (*Id.* at 11; Ex. B-2.) Prison officials rejected the grievance as untimely. (*Id.*)

## DISCUSSION

The Court dismissed the Complaint for lack of administrative exhaustion because Plaintiff's attempt to pursue his available administrative remedies was untimely under the applicable prison regulations. *See generally Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (the PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal"). Specifically, Defendants allegedly assaulted Plaintiff on October 24, 2017, and prison regulations required Plaintiff to file his grievance within thirty days, i.e. by November 23, 2017, *see* 15 Cal. Code Regs. §§ 3084.8(a), (b)(1)-(3), but he did not file it until January 28, 2018. (ECF No. 1 at 34.) These facts were clear from the face of the Complaint and its attachments. (ECF No. 1 at 2, 10; Ex. D.)

Plaintiff argued that the Court should excuse his failure to exhaust because he feared retaliation by prison officials if he pursued his administrative remedies. The threat of retaliation for reporting an incident can render the prison grievance process effectively unavailable and thereby excuse a prisoner's failure to exhaust administrative remedies under the PLRA. *See*

---

[2] Plaintiff alleges he was disciplined for the attack on prison officials, but those disciplinary findings were eventually overturned because of a violation of his due process rights in the disciplinary proceedings. (ECF No. 343 at 14.)

*McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015). The test for whether exhaustion may be excused on this basis is as follows:

> To show that a threat rendered the prison grievance system unavailable, a prisoner must provide a basis for the court to find that he actually believed prison officials would retaliate against him if he filed a grievance. If the prisoner makes this showing, he must then demonstrate that his belief was objectively reasonable. That is, there must be some basis in the record for the district court to conclude that a reasonable prisoner of ordinary firmness would have believed that the prison official's action communicated a threat not to use the prison's grievance procedure and that the threatened retaliation was of sufficient severity to deter a reasonable prisoner from filing a grievance.

*Id.* at 987. The Court found that while allegations in the Complaint and its attachments showed that Plaintiff actually believed officials would retaliate against him, they did not show that his belief was objectively reasonable. Plaintiff was granted leave to file an amended complaint in which he alleged facts --- if he could do so in good faith --- that satisfied both prongs of *McBride*, i.e. showed both that he actually believed officials would retaliate against him and that "a reasonable prisoner of ordinary firmness" would have felt sufficiently threatened by Defendants to not pursue their administrative remedies. *See id.* The FAC satisfies neither prong of *McBride*.

In his FAC, Plaintiff claims that he feared retaliation for filing administrative grievances about Defendants' use of force because of a confrontation with Defendant Milligan in November 2017.[3] According to Plaintiff, Milligan stole administrative grievance papers from his cell,[4] and when Plaintiff confronted him, he told Plaintiff that he would not let Plaintiff file any further grievances, threatened to kill him if he did file grievances, and endangered Plaintiff's life by informing other prisoners that Plaintiff was a pedophile and in a mental health program. (ECF No. 33 at 9, 12.) On November 21, 2017, Plaintiff filed an administrative grievance complaining about this incident. (*Id.* at 9; Ex. B-1 at 47-51.)

---

[3] Plaintiff does not recall the precise date this incident occurred, but he states that it occurred a "few days after" he received the stolen grievance papers, which were dated November 7, 2017. (ECF No. 33 at 9; Ex. B at 42.) He also alleges that he filed a grievance about the incident on November 21, 2017. (*Id.* at 9; Ex. B-1 at 47-51.) Based upon these allegations, for the purposes of this analysis, the Court assumes the incident occurred sometime between November 7 and 21, 2017.

[4] The grievance, No. PBSP-C-17-2034, concerned matters unrelated to the claims in this case. (ECF No. 33 at 9, Ex. B at 40-46.)

1  The November 21 grievance belies the plausibility of Plaintiff's allegation of subjective fear of retaliation because it shows that any fear of retaliation did not deter him from filing grievances generally. The grievance that he filed, moreover, was about conduct --- Milligan's alleged theft of his papers and threats --- that he claims deterred him from filing grievances. Plaintiff had until November 23, 2017, to file a timely grievance against Defendants about their use of force. Therefore, on November 21, 2017, when he filed a grievance about Milligan's alleged theft of his papers and threats, he could have filed a timely grievance about Milligan's and Mart's use of force. The FAC does not include allegations that explain why he failed to do so, or why he feared retaliation for filing a grievance about the use of force but not for filing a grievance about the theft of his papers and threats.

Plaintiff asserts that he was not concerned about retaliation by Milligan on November 21, 2017, because at that point he knew that he would soon transfer to another prison, away from Milligan's purview. This assertion, however, is insufficient to support a plausible inference of subjective fear of retaliation for filing a grievance because it simply establishes that on November 21, 2017 --- when time still remained before the deadline to grieve the excessive force the claims --- Plaintiff did not actually fear retaliation for filing a grievance against Milligan. Plaintiff also asserts that Milligan intercepted his November 21 grievance, but this does not explain his failure to file a grievance on or before that date about Defendants' use of force.[5] The FAC and its attachments therefore do not support an inference that Plaintiff failed to timely grieve Defendants' use of force based on a subjective fear of retaliation.

Plaintiff offers several other explanations for not grieving the use of force, but none of them, even accepting the factual allegations as true, would excuse him from filing a timely grievance. He alleges that officials damaged his television during his move to another prison on November 26, 2017, that officials interfered with his mail in 2018, and that officials prevented him from submitting a grievance about Defendants' use of force between December 2017 and

---

[5] The allegation of interception is conclusory because it is based solely on Plaintiff's allegation that he never received a response to the grievance. This is not sufficient to establish that Milligan intercepted it because there are many possible reasons that Plaintiff may not have received a response to the grievance, including his move to another prison.

Case 3:19-cv-00362-JSC   Document 45   Filed 02/26/21   Page 5 of 5

January 2018.[6] (*Id.* at 10-12.) Such events did not prevent him from filing a timely grievance about his claims as a matter of law because they occurred after his grievance deadline (November 23, 2017). Plaintiff also alleges that officials damaged his television on May 25, 2017, because they believed he had attacked prison officials, that the attack on prison officials was reported by the news the day before, and that officials placed him in a prison mental health care program before October 2017 in order to assault him. (*Id.* at 10.) These alleged actions by prison officials were not related to Plaintiff's filing of grievances, and as such they do not satisfy *McBride's* objective prong.

Because the allegations in the FAC and attachments make it clear that Plaintiff did not properly exhaust his available administrative remedies, as required by the PLRA, and that there are no valid grounds for excusing that requirement, the motion to dismiss under Rule 12(b)(6) must be granted. Further leave to amend is not warranted as Plaintiff already had the opportunity amend his pleadings to show grounds to excuse him from exhaustion, but he failed to do so.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED, and the case is DISMISSED without prejudice. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: February 26, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[6] According to Plaintiff, this was because Plaintiff had recently submitted another grievance about his broken television.

5